Keith JORDAN, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant—Appellee.

No. 06–35215.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Jan. 8, 2008.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Maureen J. Rosette, Esq., Law Offices, Spokane, WA, for Plaintiff–Appellant.

Thomas Michael Elsberry, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: REINHARDT and PAEZ, Circuit Judges, and STROM,** Senior District Judge.

## MEMORANDUM ***

Keith Jordan appeals the district court's judgment affirming the Commissioner's decision denying his application for Social Security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for a calculation and award of benefits.

We review de novo a district court's order upholding the denial of benefits. *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998). We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir.2006).

Jordan argues that the Administrative Law Judge ("ALJ") erred by rejecting his testimony that he experienced back pain so severe that he had to lie down throughout the day. We agree. "If the claimant produces evidence to meet the *Cotton* test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). "[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir.2005). The ALJ in this case did not offer specific, clear, and convincing reasons for rejecting Jordan's excess pain testimony.

The ALJ made a number of erroneous and unfounded statements about Jordan's

** The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pain and the course of treatment followed by him. Contrary to the ALJ's statement, Jordan did undergo frequent outpatient treatment, and the ALJ failed to acknowledge that he was prescribed an anti-inflammatory drug. The fact that Jordan never required hospitalization or "intensive treatment with pain medication," or that he may have rejected certain kinds of treatment, are not, on their own, convincing reasons for disregarding his pain testimony. (Moreover, the ALJ's statements regarding Demerol and his refusal to take it are contradictory.) Although Jordan did help with some light household chores, did some therapeutic exercises, and was briefly self-employed, these facts are not inconsistent with Jordan's stated need to alleviate his pain by lying down regularly. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038–39 (9th Cir.2007) (brief, unsuccessful attempts to work are not inconsistent with disability); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability.").

"When an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.2007) (internal quotation marks omitted). The vocational expert in this case testified that if Jordan were required to lie down at will, as Jordan's testimony establishes is the case, Jordan would be precluded from all work. It is therefore clear that Jordan does not have the residual functional capacity necessary to perform work at any level.

**REVERSED** and **REMANDED** for a calculation of benefits.